OPINION AND ORDER
We conclude that the trial court committed legal error when it sentenced Appellant, without stated findings, to a jail sentence for Possession of Alcohol that was higher than the presumption for a defendant with no prior alcohol or drug convictions. A judge may only sentence a defendant above the presumption if they state findings in the sentencing order that justify the increase.

FACTUAL AND PROCEDURAL BACKGROUND

[1] Appellant was stopped by Hopi Police at the Village of Shungopovi on December 23, 2005. The Criminal Complaint described Appellant as being “intoxicated to the degree that his mental or physical capabilities were disturbed from the introduction of alcohol to the body.” (Intoxication Criminal Complaint, December 23, 2005). Police also found alcohol in possess sion of Appellant. A separate Criminal Complaint stated that Appellant possessed (4) 12-OZ bottles of Smirnoff Ice and (1) *425 750-ML bottle of Kings Bay Rum. Police found all alcohol in the right front passenger floor board in plain view. After being stopped, Appellant took the Smirnoff Ice and fled from the scene (Possession Criminal Complaint, filed December 23, 2005).
[2] Appellant pled guilty on December 27, 2005 to violation of Hopi Tribal Ordinance 21, Section 3.3.48 (intoxication) and Section 3.3.83 (possession of alcohol) (Legal Rights Form, December 27, 2005). Judgment was entered against him the same day. At the sentencing hearing, Appellant claimed that he had consumed approximately 60 ounces of malt liquor, one “half pint” of whiskey and 6 12-oz cans of beer in a period of approximately 4 hours before he was arrested. (Sentencing Hearing Transcript, recorded Dec. 27, 2005). Appellant was sentenced to 90 days in jail and fined $500 for the charge of possession. For the charge of intoxication, he was sentenced to an additional 60 days in jail and fined $150. Currently, he is to serve a total of 150 days in jail and pay $650 in fines (Judgment Order, filed December 27, 2005).
[3] Appellant then made a Motion for Speedy Trial, claiming that his sentencing was unfair and requested a day in court to make his case (Motion for Speedy Trial, filed December 27, 2005). The motion was denied by the trial court on December 29, 2005, finding that no good cause was shown (Order, filed December 29, 2005).
[4] Appellant filed a Motion for Appeal on January 6, 2006 asking this court to review his case. He claims that his sentence was unfair and that this is a first time offense. Additionally, he asserts that he has “seen a number of people come and go with more serious charges than [him] -that have either been given time or a fine but never both.” He also claims that he was never afforded a proper explanation of his sentence by the courts. (Motion for Appeal, filed January 6, 2006).

ISSUE ON APPEAL

Whether the trial court committed legal error by sentencing Appellant without stating findings that justify the sentence.

DISCUSSION

I. The trial wart committed legal error when, without stating any findings of fact, it sentenced Appellant to a term of imprisonment higher than the presumptive sentence.
[5] The trial judge has broad discretion in the imposition of sentences under the Hopi Criminal Code (Title III). The crime of Possession of Alcohol or Controlled Substances, Simple Possession is section 3.3.83. Section 3.3.83 is one of a few unique criminal provisions that establishes a graduated required minimum sentencing structure for trial court judges. If the defendant has one prior conviction for alcohol or controlled substances, the trial judge is required to impose a jail sentence of at least 15 days in jail and a fine of at least $2,500. After two prior convictions, the court must impose a jail sentence of at least 90 days and a minimum fine of $5,000. The total maximum sentence can be no more than 1 year in jail and a $5,000 fine. (Hopi Criminal Code, Title III, § 3.3.83(d)).
[6] The crime of intoxication does not have a mandatory minimum sentencing structure. As with Possession, the -trial judge may impose a maximum fine of $5,000 or sentence of one year in jail, or both. This sentence can also run consecutively with a sentence for the crime of Possession. A number of relevant admissions by the Appellant emerged at sentencing with regard to his conviction of intoxication; namely, the amount of alcohol *426 consumed in a short time period, his combative demeanor when confronted by the arresting officer and his attempt to flee from the scene Carrying four bottles of Smirnoff Ice. The alcohol was also found in Appellant’s vehicle, suggesting Appellant’s operation of, or intent to operate a motor vehicle while intoxicated.
[7] Appellant argues that his sentencing was unfair because it was his first offense. To support his position, he cites discussion with others who have been convicted for similar charges whom he claims never receive both a fine and jail sentence. It is certainly within the trial court judge’s discretion to impose both a jail sentence and a fine and is, in fact, required by section 3.3.83 if prior convictions are involved. Although there seems to be evidence in the record that would justify Appellant’s sentence for intoxication, there are no stated findings in the Judgment Order specifying the factors upon which the judge made his decision.
[8] The minimum sentencing requirements of section 3.3.83 (Simple Possession) constitute an expression by the Hopi Tribe that the discretion of the trial judge is not unfettered under this offense. Clearly, the intent of this criminal provision is to provide a deterrent against repeat drug and alcohol possession. For those who have not offended under this provision in the past, a presumption of a 0-14 day jail sentence exists for simple possession. The Hopi notion of Fundamental Fairness requires that if a trial judge finds reason to increase a defendant’s sentence above and beyond this presumption, then specific findings must be made according to the record that justify the judge’s discretion for an increased sentence. In another case, Lomayestewa v. The Hopi Tribe, 6 Am. Tribal Law 427, 2000 WL 6181403 (2006), this court held that the Hopi notion of Fundamental Fairness required that a defendant “be given proper notice of the basis for which he or she is sentenced ... [and that] a lower court record must be reviewable by [the Appellate] court.”
[9] In the present case, the lower court sentenced Appellant to 90 days in jail for the charge of Simple Possession under section 3.3.83, which is well above the presumptive sentence for a defendant with no prior convictions. In fact, it is the same minimum jail sentence required for a defendant with two or more prior convictions. Under section 3.3.83(d), the trial judge does have broad discretion to impose a jail sentence up to one year. However, we hold that Fundamental Fairness requires that a sentence of more than 14 days for possession imposed on a defendant with no prior alcohol or controlled substance convictions must include a statement of findings to justify the longer sentence.

CONCLUSION

[10] We conclude that the trial court committed legal error when it sentenced Appellant, without stated findings, to a jail sentence that was higher than the presumption for a defendant with no prior alcohol or drug convictions. A judge may only sentence a defendant above the presumption if they state findings in the sentencing order that justify the increase.

ORDER OF THE COUNT

[11] The Judgment Order of the lower court is VACATED and the sentencing issue is REMANDED to the trial court to establish findings for sentencing.