OPINION AND ORDER
We conclude that the trial court committed legal error when it sentenced Appellant without stating findings of fact. We do not reach the other issues raised on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

[1] Appellant Stet Alan Lomayestewa, an 18-year-old senior at Hopi High School, was arrested by Hopi Tribal Police on April 30, 2005 at 11:00 pm, at or near Hopi High School on the Hopi Indian Reservation. He was charged with Possession of Alcohol (Hopi Tribal Ordinance 21 § 3.3.83) and Intoxication (Hopi Tribal Ordinance 21 § 3.3.48). At the time of the arrest, the Appellant had in his possession one 12 fl oz. bottle of beer and two one-liter soda bottles containing whiskey alcohol.
[2] At arraignment on May 2, 2005, Appellant waived his right to counsel and a hearing, and pled guilty to the charges. The trial court found that Appellant knowingly entered this plea and that he intelligently informed the court of his intention to follow through with this plea. A sentencing hearing was set for July 15, 2005.
[3] On May 15, 2005, Appellant secured counsel. On July 13, 2005, Appellant filed a motion concerning the terms of his sentence.
[4] Respondent Tribe made oral recommendations of sentencing at the sentencing heating. In.arguing for the existence of aggravating factors sufficient to elevate Appellant’s sentence, the Tribe stated that Appellant must have either distributed the alcohol in his possession or had an intent to distribute the alcohol *428 based on the amount of liquor in his car.[1] These arguments go to the elements of an entirely separate crime under H.T.O. 21, § 3.3.90, Possession or Distribution of Alcohol or Controlled Substance in, on, or Near Schools, Playgrounds and Youth Centers.[2] However, Appellant was not charged with this crime at the May 2, 2005 arraignment. Respondent admitted that the only evidence upon which they make these arguments at the sentencing hearing, is the amount of unconsumed liquor found when Appellant was arrested,[3] Therefore, Respondent recommended Appellant be sentenced to 4 days in jail for intoxication and 200 days for possession of alcohol. Respondent then recommended that 75 days be served and the rest of the jail time be suspended in lieu of 2 years supervised probation. After Respondent made these recommendations, Appellant made an oral motion to change his plea. This motion was denied.
[5] The trial court sentenced Appellant for the crime of Intoxication to four days in jail with $25.00 in court costs, and for the Possession of Alcohol to 150 days in jail. Appellant was ordered to serve 60 days in jail, with the remaining 94 days suspended in lieu of two-years of supervised probation. Among the conditions of this probation, Appellant was ordered to be subject to random searches and seizures of Ms person, personal property, residence, and any vehicle he would be driving. No findings of fact were included in this sentencing order and none appear anywhere else in the record.
[6] On that same day, Appellant filed a Motion for Reconsideration of the Sentence, arguing that the trial court acted improperly when it allowed the Respondent to make oral sentencing recommendations that included unsubstantiated allegations that Appellant committed the crime of Possession or Distribution of Alcohol or Controlled Substances in, on, or Neat-Schools, Playgrounds and Youth Centers (H.T.O.21, § 3.3.90), a crime with which Appellant had not been charged. Additionally, the motion argued that Appellant had not freely and knowingly entered his plea of guilty because he had not fully understood the laws of the Hopi Tribe and the “rights of the Defendant” under Hopi Ordinance 21, § 2.8.5 and the Indian Civil Rights Act of 1968 (“ICRA”). For this same reason Appellant argues it was error for the trial court to deny his motion to withdraw his plea of guilty because he did not fully understand his legal rights when he entered this plea.
*429 [7] Respondent Tribe replied to the Motion for Reconsideration on July 27, 2005, recommending an amendment of Appellant’s sentence to 45 days in jail with 109 days suspended for probation. The Tribe also recommended reducing the period of supervised probation from two years to one. The trial court subsequently reduced the sentence as recommended by Respondent,
[8] Appellant filed the Notice of Appeal on August 4, 2005, arguing that the trial court committed legal error, having denied him due process and equal protection of the law when the it allowed Respondent at the sentencing hearing to make recommendations that included allegations that Appellant had committed the crime of Possession or Distribution of Alcohol Near Schools—allegations of a crime with which he had not been charged and which were unsupported by any evidence on the record. Appellant argues he was provided no opportunity to confront or cross-examine any evidence relating to the prosecutor’s allegations that he committed the crime of Possession or Distribution of Alcohol Near Schools. Finally, Appellant argues that the trial court erred when it ordered him to an unreasonably long jail sentence and probationary period and when it ordered as a condition of his probation that he be subject to random search and seizures of his person, residence, and vehicles. These terms, he argued, constituted cruel and unusual punishment in violation of the Indian Civil Rights Act, (25 U.S.C § 1302(6), (8)).
[9] This court heard Appellate oral arguments on November 17, 2005. In making these recommendations for sentencing, Respondent again claimed that they had no evidence of distribution or an intent to distribute, but highlighted that the incident took place near a school.[4] Respondent did state the factors incorporated in their recommendations included: (1) the number of times the defendant has offended; (2) whether there was distribution involved; (3) the amount of the substance; and (4) the type of alcohol. (Appellate Hearing, recorded November 17, 2005).

ISSUE ON APPEAL

Whether the trial court committed error of law by issuing a judgment and sentencing order without stating the findings upon which the order was based.

DISCUSSION

I, The trial court erred by issuing a judgment order containing a sentence without stating the findings upon which the sentence was based.
[10] Notice is a central component of the Hopi notion of Fundamental Fairness. In Nevayaktewa and Emily Mutz v. The Hopi Tribe, 1 Am. Tribal Law 306, 1998 WL 35281677 (1998), this court held that under Hopi custom and tradition, fundamental fairness is required in criminal proceedings and, at a minimum, this notion includes that criminal defendants be given notice of the charges against them and be provided an opportunity to answer *430 those charges in court. In that case, the court found that the Hopi notion of fundamental fairness was violated when the defendant was deprived an opportunity to present an adequate defense to the charges against him.
[11] Clearly, both Respondent and Appellant may make arguments to the court in recommendation of an appropriate sentence. However, it is the duty of the trial judge to make appropriate findings based on a review of the record and arguments made by the parties. The Hopi notion of fundamental fairness requires notice, in the form of stated findings, in sentencing orders. In the same way that the defendant was not able to make an adequate defense in Nevayaktewa, the Appellant in this case has no findings in the judgment order upon which to base an adequate appeal to his sentence. We find, therefore, that the court committed legal error by issuing a Judgment Order on July 15, 2005 without stating the findings upon which the ordered sentence was based.[5] A defendant must be given proper notice of the basis for which he or she is sentenced. Moreover, a lower court record must be reviewable by this court, which can only be done if sufficient findings exist in the trial court’s orders to evaluate what the judge did and why.

CONCLUSION

[12] We conclude that the trial court committed legal error when it sentenced Appellant on July 15, 2005 without stating any findings upon which that sentencing order was based. If the court did impose a higher sentence than it would for simple possession due to the aggravating factors proposed by Respondent, then it must state those reasons in the Judgment Order to comport with the Hopi notion of fundamental fairness. The Court does not reach the other issues raised on appeal, and declines to opine on the matter of the trial court’s denial-of Appellant’s motion to withdraw his guilty plea, as this issue was withdrawn by Appellant at oral arguments before this court on November 17, 2005.

ORDER OF THE COURT

[13]The Judgment Order filed on July 15, 2005 for case number 2005-0 lt-0559 of the lower court is VACATED and the sentencing issue is REMANDED to the trial court for re-sentencing.

. "... it’s clear that the intent of the defendant was to go ahead and consume that alcohol on school premises, a drug and alcohol free zone, that he was attempting to conceal that alcohol as well. And, that he was not going to be personally consuming two li ters of whiskey at the time of the incident. So, clearly that was going to be distributed whether by sale or not ... but obviously certainly at least to be shared. And, therefore, we think that is a minimal sentence under the circumstances because this matter is aggravating." (Sentencing Hearing, recorded July 15, 2005).

. "Any Indian who distributes or possesses with intent to distribute alcohol or controlled substances in, on, or within one thousand (1000) feet of-..., [a] ... public or private ... secondary school ... violates this section. Each act of distribution shall constitute a separate offense. For each such offense the court shall impose a term of imprisonment of one (1) year, and a fine of five thousand dollars ($5,000) ...” (HTO 21, § 3.3.90(a)).

. "... Because we don't have any extrinsic evidence we're being very lenient in terms of the recommendations. But that is why, your honor, the Tribe submits this matter to the court. I mean, the Defendant could have been charged with Intent to Distribute at School [H.T.O. 21, § 3.3.90] ... in this particular case, we would submit that this alcohol is to be shared with other students at the school. Probably with other minors ...” (Sentencing Hearing, recorded July 15, 2005).

. “...he wasn't charged with [distribution] because [prosecution] didn't have any evidence.” After reading the elements of both simple Possession and Intent to Distribute Near a School to the court, the prosecutor stated, "Now, I am providing this information to the court because it appears that the sentence that was applied may have taken into : those types of factors. Near a school is one of those pieces of information that was considered . .. However, in this particular case. I didn't find any info [sic| in the police report, witness statements or anything else that did show that we had potential distribution or that we did have information because of the location of the incident [Hopi High School].” (Appellate Hearing, recorded November 1, 2005).

. We do riot today decide whether error is committed it a court considers uncharged crimes in sentencing a defendant.